### WILLIS v. MILLER et al.

(Circuit Court of Appeals, Second Circuit. March 12, 1903.)

No. 132.

1. PATENTS—ACTION FOR INFRINGEMENT—QUESTIONS FOR JURY.
    In an action at law for infringement of a patent, the question of invention is one of fact for the jury, where the evidence is such as to warrant its submission.

In Error to the Circuit Court of the United States for the Southern District of New York.

T. Hart Anderson, for plaintiff in error.

A. Bell Malcomson, for defendants in error.

Before WALLACE and COXE, Circuit Judges.

COXE, Circuit Judge. This is an action at law brought by Tobias Miller and Louis P. Whiteman, the plaintiffs below, to recover damages for infringement of letters patent No. 632,819, granted September 12, 1899, for improvements in alarm bells for bicycles. At the trial the jury found a verdict for the plaintiffs in the sum of $84. The defendant sued out a writ of error for the review of the judgment entered upon such verdict.

The patent is concededly an exceedingly narrow one. The only question which demands serious consideration is whether the court erred in not directing a verdict for the defendant at the close of the testimony on the ground that the evidence was insufficient to warrant the submission of the question of invention to the jury. The question of invention is one of fact, and after examining the testimony we are of opinion that there was sufficient evidence to warrant its submission to the jury. The jury having found for the plaintiffs, the verdict should not be disturbed.

¶ 1. See Patents, vol. 38, Cent. Dig. § 434.

At the argument various exceptions were discussed, but upon examination it appears that the objections were general in character and insufficient to sustain the exceptions. The only exception which presents a question for our consideration was taken to the ruling of the court striking out an answer upon motion of the plaintiffs. The witness Robinson was called by the defendant to prove that he had constructed a similar bell prior to the date of the invention. He was asked how long it required to produce the bell in question, and he answered: "Well it might have been a week or ten days." He was then asked: "Was it a difficult matter for you?" and answered "No." This was objected to by counsel for plaintiffs and upon his motion, and against the defendant's exception, the answer was stricken out. We are inclined to think that the answer was incompetent and was properly stricken from the records, but from any point of view the ruling was inconsequential and could, in no event, affect the result injuriously to the defendant. The facts regarding the construction of the bell were all before the jury. The opinion of the witness that it was not difficult to construct added nothing to the testimony.

The judgment is affirmed.